UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| CLIFF CONNEIGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-133 |
| | ) | |
| EMERY MARTIN USA LLC and | ) | |
| CHR GROUP USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Emery Martin USA LLC ("Emery Martin") and CHR Group USA Inc. ("CHR") (collectively, "Defendants") hereby file this notice of removal under 28 U.S.C. § 1446(a), and, in support thereof, state as follows:

## INTRODUCTION

1. On or about February 25, Plaintiff filed a Complaint against the Defendants in the Superior Court for Hillsborough County, Southern District, New Hampshire, in the civil action styled *Cliff Conneighton v. Emery Martin USA LLC and CHR Group USA Inc.*, Case No. 226-2015-CV-00081.

2. The Superior Court for Hillsborough County, Southern District, New Hampshire, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the District of New Hampshire.

3. The summons and complaint were served on Defendants on or about March 20, 2015.

4. Removal of this action is proper under 28 U.S.C. § 1441, in that this court has

2562743_1.doc

original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the action is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

1.      Plaintiff is a natural person residing in Hollis, New Hampshire.

2.      Defendant Emery Martin is a New York limited liability company with its principal place of business in New York, New York. Emery Martin is a single member Limited Liability Company. Its single member is Peter Clark who is a resident of New York.

3.      Defendant CHR is a New York corporation with its principal place of business in New York, New York.

## AMOUNT IN CONTROVERSY

4.      Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Plaintiff's Complaint seeks an unspecified amount of damages.  "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004) (citation omitted).

6.      Here, it is facially apparent that Plaintiff is seeking damages well in excess of $75,000.

7.      According to page 7 of the Complaint, Plaintiff seeks the following alleged damages: (1) "overdue consulting fees and expenses," (2) "unpaid monthly wages," (3) "unpaid

2

severance," (4) "liquidated damages in the amount of the unpaid wages," and (5) "attorneys' fees."

8.     Paragraph 13 of the Complaint alleges that Plaintiff's base monthly pay was $20,000 per month and that pursuant to a "severance clause" in the contract at issue, he is entitled to be paid "a lump sum equal to six months base pay plus bonus…" Complaint at ¶13.

9.     Per paragraph 13 of the Complaint, Claimant thus seeks, *at a minimum*, $120,000 in "unpaid severance." This amount excludes the other purported payments Plaintiff contends he is owed.

10.     Accordingly, the minimum amount in controversy is satisfied.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

11.     Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

12.     A copy of the Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Superior Court for Hillsborough County, Southern District, New Hampshire, as required by 28 U.S.C. § 1446(d).

13.     Removal of this action is timely under 28 U.S.C. §1446(b), in that it is being made within 30 days of the date Defendants were served with the Summons and Complaint, March 20, 2015.

14.     The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the District of New Hampshire, and this cause is removable to the United States District Court for the District of New Hampshire.

15.     Pursuant to Local Rule 81.1(c), Defendants will file with the clerk's office a

certified or attested copy of the record on file in the Superior Court for Hillsborough County, Southern District, New Hampshire within fourteen (14) days of the filing of this Notice.

WHEREFORE, the Defendants, desiring to remove this case to the United States District Court for the District of New Hampshire, being the district of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  April 17, 2015.

Respectfully Submitted,

/s/ Daniel P. Schwarz
Daniel P. Schwarz,   NHBA # 2282
Jackson Lewis P.C.
100 International Drive, Suite 363
Portsmouth, NH 03801
E-mail: daniel.schwarz@jacksonlewis.com
Telephone: 603.559.2730
Fax: 603.559.2701
*Counsel for Defendants*

**OF COUNSEL:**
Coren H. Stern, Esq. (Fla. Bar No. 644218)
Joelle A. Simms, Esq. (Fla. Bar No. 83982)
Bressler, Amery & Ross, P.C.
200 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
E-mail:      cstern@bressler.com
              jsimms@bressler.com
Telephone:   954-499-7979
Fax:         954-499-7969

## CERTIFICATION

I certify that a copy of the within pleading was served on the counsel for the Plaintiff, Courtney H.G. Herz, Esq., Sheehan Phinney Bass + Green, P.A., 1000 Elm Street, P.O. Box 3701, Manchester, New Hampshire 03105 (cherz@sheehan.com), by the ECF system.

/s/ Daniel P. Schwarz
Daniel P. Schwarz,   NHBA # 2282

4

4827-9894-7875, v.  1