SHEEHAN
PHINNEY
BASS +
GREEN

PROFESSIONAL
ASSOCIATION



ATTORNEYS AT LAW

MANCHESTER
1000 ELM STREET
MANCHESTER, NH
03101
T 603 668-0300
F 603 627-8121

CONCORD
TWO EAGLE SQUARE
CONCORD, NH
03301
T 603 223-2020
F 603 224-8899

HANOVER
17 ½ LEBANON STREET
HANOVER, NH
03755
T 603 643-9070
F 603 643-3679

BOSTON
255 STATE STREET
BOSTON, MA
02109
T 617 897-5600
F 617 439-9363

WWW.SHEEHAN.COM

**Writer's Direct Dial: (603) 627-8131**
**cherz@sheehan.com**

March 20, 2015

<u>**Via Certified Mail #7014 1820 0001 9219 9105**</u>
<u>**Return Receipt Requested**</u>

CHR Group USA, Inc.
ATTN: Secretary
333 7th Avenue, 6th Floor
New York, NY 10001

> **Re:** **Cliff Conneighton v. Emery Martin USA, LLC, et al.**
> **Case Number: 226-2015-CV-00081**

To Whom It May Concern:

Enclosed herewith please find a copy of a Summons in a Civil Action, along with a copy of the Complaint.

Thank you.

Very truly yours,

Courtney H.G. Herz

CHGH/ljl
Enclosures

COPY FOR SERVICE

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:     **Cliff Conneighton v Emery Martin USA, LLC, et al**
Case Number:   **226-2015-CV-00081**

Date Complaint Filed: February 25, 2015

A Complaint has been filed against CHR Group USA INC; Emery Martin USA, LLC in this Court. A copy of the Complaint is attached.

## The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| April 13, 2015 | Cliff Conneighton shall have this Summons and the attached Complaint served upon CHR Group USA INC; Emery Martin USA, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 04, 2015 | Cliff Conneighton shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | CHR Group USA INC; Emery Martin USA, LLC must file an Appearance and Answer or other responsive pleading form with this Court.   A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to CHR Group USA INC; Emery Martin USA, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
    Courtney H.G. Herz, ESQ

Sheehan Phinney Bass + Green PA
1000 Elm Street
PO Box 3701
Manchester NH  03105-3701

BY ORDER OF THE COURT

*Marshall A. Buttrick*

Marshall A. Buttrick
Clerk of Court

February 27, 2015

(574)

STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY                                    SUPERIOR COURT
SOUTHERN DISTRICT

**CLIFF CONNEIGHTON**
53 Depot Road
Hollis, NH 03049

**v.**

**EMERY MARTIN USA LLC**
333 7th Avenue, 6th Floor
New York, NY 10001

**and**

**CHR GROUP USA INC.**
333 7th Avenue, 6th Floor
New York, NY 10001
or
420 West 43rd Street, Suite 30A
New York, NY 10036

Docket No. _____

## COMPLAINT

1.     The Plaintiff Cliff Conneighton ("Mr. Conneighton") requests a jury trial on all claims and defenses for which he is entitled to a jury trial.

## The Parties

2.     Mr. Conneighton is an individual with a residence address of 53 Depot Road, Hollis, New Hampshire 03049.

3.     Defendant Emery Martin USA LLC ("EmeryMartin") is a New York limited liability company.  EmeryMartin's principal place of business is 333 Seventh Avenue, 6th Floor, New York, NY 10001.

4.      Defendant CHR Group USA Inc. ("CHR") is a New York corporation.  On information and belief, CHR's principal place of business is 333 Seventh Avenue, 6th Floor, New York, NY 10001.  However, the address provided by New York's Department of State Division of Corporations is 420 West 43rd Street, Suite 30A, New York, NY 10036.

## Jurisdiction and Venue

5.      Jurisdiction is proper because the acts complained of herein arise out of the Defendants' employment of and retention of Mr. Conneighton as an independent contractor in New Hampshire.

6.      Venue is proper in this Court pursuant to RSA 507:9.

## Facts Common to All Counts

7.      Mr. Conneighton has, during his career, worked as an executive at several technology companies and also as an independent consultant at the rate of $2,000 per day plus expenses.

8.      In June 2014, Mr. Conneighton left the company he was employed by and began working as an independent consultant.

9.      Later in 2014, Betsy Emery Martin (Digital Chairman of CHR and the President of EmeryMartin) contacted Mr. Conneighton about doing work for her company, EmeryMartin. She explained to Mr. Conneighton that EmeryMartin had recently been acquired by CHR and that they could use help from a consultant like him.

10.     After Mr. Conneighton met twice with Ms. Emery Martin and CHR's principals, including Chris Clarke, CHR Senior Vice President for Corporate Development, it was agreed that Mr. Conneighton would be engaged as an independent contractor, beginning on October 2,

2

2014. The parties agreed that Mr. Conneighton would be paid at the rate of $2,000 per day plus travel expenses.

11.     After performing work on that independent contract basis for some time for both EmeryMartin and CHR, the Defendants repeatedly praised Mr. Conneighton's work and asked Mr. Conneighton to join them as a full-time employee.

12.     The parties engaged in negotiations regarding the terms of such employment, exchanging several drafts of a term sheet and an offer letter, with each party suggesting certain changes.  At Ms. Emery Martin's direction, many of Mr. Conneighton's communications with the Defendants regarding such terms were with Mr. Clarke and with Mike Giammusso, CHR Director of Finance.  Ultimately, final terms were agreed upon, with Mr. Giammusso e-mailing Mr. Conneighton that, "I am fine with the changes you proposed as Betsy is in alignment as well."  Both Ms. Emery Martin and Mr. Conneighton signed a final version of that offer letter, with Mr. Conneighton's employment to begin December 1, 2014, with his title to be Chief Strategy Officer of EmeryMartin.

13.     Among other things, the agreement was that Mr. Conneighton would be paid $20,000 per month, with an additional bonus potential.  Further, the agreed terms included a severance clause that provides, in the event Mr. Conneighton's employment is terminated without cause, he shall be paid "a lump sum equal to six months base pay plus bonus at 100% achievement pro-rated to the date of termination plus six months."

14.     The offer letter also provided that Mr. Conneighton's "employment will be based in New Hampshire."

3

15.     Mr. Conneighton's work continued to be for both CHR and EmeryMartin. Much of that work was for CHR's broad interests and was directed by CHR's Chief Executive Officer, Peter Clark.

16.     Mr. Conneighton billed the Defendants a total of $68,421.56 in consulting fees and travel expenses for the work completed before he became an employee on December 1.

17.     In December 2014, the Defendants paid Mr. Conneighton $20,000 toward the total due for the consulting fees and travel expenses, promising Mr. Conneighton that the balance was coming and delayed only due to cash flow issues. Among other promises, Mr. Clark (CEO of CHR) assured Mr. Conneighton that all money due to him would be paid by December 31, 2014. On December 12, 2014, Mr. Giammusso (CHR Director of Finance) also promised that all outstanding money due would be paid by December 31, 2014, and that Mr. Conneighton's salary going forward would be paid bi-monthly. Ms. Emery Martin, Mr. Giammusso, and Mr. Clark all assured Mr. Conneighton that he would be paid despite EmeryMartin being short on funds because CHR would provide the money to EmeryMartin to pay him.

18.     No further payment has been made to Mr. Conneighton.

19.     Moreover, Mr. Conneighton has been paid no wages for the time that he was employed by the Defendants. Again, the Defendants promised to pay, telling Mr. Conneighton that the only reason he had not yet been paid was due to their cash flow problems.

20.     After multiple demands for the money due to him, Mr. Conneighton informed the Defendants that their failure to pay him would force him to leave his job effective February 13, 2015. No payments were forthcoming and Mr. Conneighton was, indeed, forced to leave his employment on February 13.

4

## Count I: Breach of Contract (Consulting Fees and Expenses)

21.     Mr. Conneighton incorporates the allegations above as if set forth fully herein.

22.     The Defendants entered into a valid and binding agreement with Mr. Conneighton concerning his work as an independent contractor for the Defendants.

23.     Mr. Conneighton has fully performed all of his obligations under the parties' agreement.

24.     Despite repeated demands, the Defendants have not paid the consulting fees and travel expenses due to Mr. Conneighton pursuant to the agreement.

25.     The Defendants' failure to comply with their obligations under the agreement constitutes a breach of that agreement.

26.     The Defendants have acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  It should have been unnecessary for Mr. Conneighton to bring this action to recover the amounts due.

27.     As a direct and proximate result of the Defendants' breach, Mr. Conneighton has suffered damage, entitling him to rightful compensation, plus incidental and consequential damages, plus costs, interest and attorneys' fees, plus such other relief as Mr. Conneighton is entitled to receive, all in an amount to be proven at trial and within the jurisdictional limits of this Court.

## Count II: Wage Claim

28.     Mr. Conneighton incorporates the allegations above as if set forth fully herein.

29.     The Defendants employed Mr. Conneighton pursuant to terms outlined in a fully executed offer letter.

5

30.     Mr. Conneighton commenced employment effective December 1, 2014, pursuant to that agreement.

31.     The Defendants have, despite repeated demand, failed to pay Mr. Conneighton wages due for December, January, and February.

32.     The agreement also provided for a payment of severance to Mr. Conneighton in the event his employment was terminated without cause.

33.     Withholding his wages for no good reason, the Defendants deliberately made Mr. Conneighton's working conditions intolerable, eventually resulting in a constructive discharge, in which Mr. Conneighton reasonably felt compelled to leave his job.

34.     Mr. Conneighton has not been paid the severance amount, which constitutes further wages due.

35.     Because the Defendants' failure to pay wages due was willful, without good cause, and without a good faith basis to believe that the underpayment was in compliance with the law, Mr. Conneighton is entitled to liquidated damages in the amount equal to the unpaid wages.

36.     Pursuant to statute, Mr. Conneighton is also entitled to recover the costs of the action and his reasonable attorneys' fees.

## Count III: Breach of Contract (Monthly Wages and Severance)

37.     Mr. Conneighton incorporates the allegations above as if set forth fully herein.

38.     The Defendants entered into a valid and binding agreement with Mr. Conneighton concerning his work as an employee for the Defendants.

39.     Mr. Conneighton has fully performed all of his obligations under the parties' agreement.

6

40.     Despite repeated demands, the Defendants have not paid the money due to Mr. Conneighton pursuant to the agreement, including monthly wages and severance.

41.     The Defendants' failure to comply with their obligations under the agreement constitutes a breach of that agreement.

42.     The Defendants have acted in bad faith, vexatiously, wantonly, or for oppressive reasons. It should have been unnecessary for Mr. Conneighton to bring this action to recover the amounts due.

43.     As a direct and proximate result of the Defendants' breach, Mr. Conneighton has suffered damage, entitling him to rightful compensation, plus incidental and consequential damages, plus costs, interest and attorneys' fees, plus such other relief as Mr. Conneighton is entitled to receive, all in an amount to be proven at trial and within the jurisdictional limits of this Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.     Award Plaintiff overdue consulting fees and expenses;

B.     Award Plaintiff unpaid monthly wages;

C.     Award Plaintiff unpaid severance;

D.     Award Plaintiff liquidated damages in the amount of the unpaid wages;

E.     Award Plaintiff the attorneys' fees he has incurred and will incur in this matter;

F.     Award Plaintiff the costs he has incurred and will incur in this matter;

G.     Award Plaintiff pre- and post-judgment interest; and

H.     Grant such further relief for the Plaintiff as justice requires.

## Verification

I, Cliff Conneighton, hereby verify under oath that the foregoing allegations are true and correct to the best of my knowledge and belief.

Dated: February 24, 2015

_____
Cliff Conneighton

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

Subscribed and sworn to on this 24th day of February, 2015.

_____
~~Justice of the Peace~~
Notary Public
My Commission Expires: 3/8/2018

Respectfully submitted,

**CLIFF CONNEIGHTON**

By his attorneys,

SHEEHAN PHINNEY BASS + GREEN
PROFESSIONAL ASSOCIATION

Date: February 24, 2015          By:  _____
Courtney H.G. Herz (NH Bar # 17114)
1000 Elm Street, PO Box 3701
Manchester, NH 03105-3701
Telephone: (603) 627-8131
cherz@sheehan.com

8