UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CLIFF CONNEIGHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:15-cv-00133-PB |
| ) | |
| EMERY MARTIN USA LLC and ) | |
| CHR GROUP USA INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CHR GROUP USA INC.'S MOTION TO DISMISS
COUNTS II AND III OF THE COMPLAINT AND SUPPORTING MEMORANDUM**

Defendant CHR Group USA Inc. ("CHR"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the applicable Local Rules of the United States District Court for the District of New Hampshire, hereby respectfully requests that this honorable Court enter an Order dismissing Counts II and III of Plaintiff Cliff Conneighton's ("Plaintiff") Complaint against it with prejudice, and, in support thereof, states as follows:

**I.     Introduction**

Counts II and III of the Complaint in this case allege that Plaintiff entered into an employment contract with CHR and another Defendant, Emery Martin USA LLC ("Emery Martin") and that Plaintiff is owed monies from CHR and Emery Martin pursuant to such contract. [DE 1-1 at pp. 5-7]. CHR, however, is not a party to this agreement. *See* Exhibit A.[1]

---

[1] "[W]hen a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged) that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Wentworth-Douglass Hosp. v. Young & Novis P.A.*, No. 10-cv-120-SM, 2011 U.S. Dist. LEXIS 11313, at *9 (D.N.H. Feb. 4, 2011). Counts II and III explicitly reference and are dependent upon the "fully executed offer letter" [DE 1-1 at ¶29] attached as Exhibit A. [DE 1-1 at ¶¶29-30, 32, 38-41]. As such, Exhibit A should be reviewed by this Court in consideration of this Motion.

Because there exists no contract between Plaintiff and CHR giving rise to the allegations asserted in Counts II and III, these counts fail to state any claims upon which relief can be granted against CHR. As a result, they must be dismissed with prejudice.

## II.     Standard of Review

"When considering a motion to dismiss under Rule 12(b)(6), a trial court accepts as true all well-pled facts in the complaint and draws all reasonable inferences in favor of plaintiff[]." *Yost v. US Airways, Inc.*, No. 11-cv-48-LM, 2011 U.S. Dist. LEXIS 46950, at *2 (D.N.H. May 2, 2011) (citation and internal quotation marks omitted). However, "naked assertions devoid of further factual enhancement need not be accepted" and "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* As such, "a Rule 12(b)(6) motion should be granted if the facts, evaluated in a plaintiff-friendly manner, do not contain enough meat to support a reasonable expectation that an actionable claim may exist." *Id.* at *3.

## III.    Counts II and III Must Be Dismissed Because CHR is Not a Party to the Employment Contract at Issue and No Contract Exists Between Plaintiff and CHR

Under New York law, "[t]he elements of a breach of contract claim include the ***existence of a contract***, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages."[2] *Katehis v Sovereign Assoc., Inc.*, 999 N.Y.S.2d 797, 797 (N.Y. Sup. Ct. 2014) (emphasis added). The same elements are required under New Hampshire law. *Sunapee Difference, L.L.C. v. State*, No. 07-E-458, 2009 N.H. Super. LEXIS 4, at *16-17 (N.H. Super. Ct. Apr. 17, 2009) ("To state a claim for breach of contract, a plaintiff must show: (1) the ***existence***

---

[2] Pursuant to Paragraph 10(b) of the contract at issue, New York law applies. *See* Exhibit A. Given that New Hampshire law is in accord, however, CHR submits that no choice-of-law analysis is necessary to reach a determination on this Motion.

*of a valid, enforceable contract*; (2) performance of the contract by the plaintiff; (3) a breach by the defendant; and (4) damages caused by the defendant's breach.") (emphasis added).

Count III of the Complaint asserts a claim for breach of an employment contract. [DE 1-1 at ¶¶38, 40]. Count II of the Complaint asserts a "Wage Claim," which is based entirely upon this same employment contract. [DE 1-1 at ¶¶29-30, 32]. The employment contract upon which Plaintiff seeks to recover against CHR, however, was entered into solely between Plaintiff and Defendant Emery Martin. Exhibit A. CHR is not a party to this contract, did not execute nor agree to such contract, and in fact, is not even mentioned anywhere in the contract. *Id.* Plaintiff's formulaic conclusions to the contrary, which directly contradict the written document at issue, are meaningless and should be disregarded. *Yost*, 2011 U.S. Dist. LEXIS 46950 at *2; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 n.3 (1st Cir. 2012) ("documents [fairly incorporated into the complaint] may trump the complaint's allegations if a conflict exists."); *L'Esperance v. Manhattan Mortg. Corp.*, No. 11-cv-555-LM, 2012 U.S. Dist. LEXIS 125725, *9 (D.N.H. Sept. 5, 2012) (citing *Schatz* for same proposition).

Without a contract, there can be no breach of contract claim. Nor can there be any "Wage Claim" for failure to make payments under a contract to which CHR has not agreed and is not a party. As a result, Counts II and III against CHR fail to state claims upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), therefore, such counts as they pertain to CHR must be dismissed with prejudice.

IV. **Conclusion**

For the reasons set forth more fully above, Defendant CHR respectfully requests that this honorable Court enter an Order dismissing Counts II and III from the Complaint against it

Civil Action No.: 1:15-cv-00133-PB

pursuant to Federal Rule of Civil Procedure 12(b)(6) and granting any and all further relief deemed just and proper.

Dated:  May 22, 2015			Respectfully Submitted,

							/s/ Daniel P. Schwarz
							Daniel P. Schwarz,   NHBA # 2282
							Jackson Lewis P.C.
							100 International Drive, Suite 363
							Portsmouth, NH 03801
							E-mail: daniel.schwarz@jacksonlewis.com
							Telephone: 603.559.2730
							Fax: 603.559.2701
							*Counsel for Defendants*

**OF COUNSEL:**
Coren H. Stern, Esq. (Fla. Bar No. 644218)
Joelle A. Simms, Esq. (Fla. Bar No. 83982)
Bressler, Amery & Ross, P.C.
200 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
E-mail:		cstern@bressler.com
			jsimms@bressler.com
Telephone:	954-499-7979
Fax:		954-499-7969

### **CERTIFICATION**

I certify that a copy of foregoing was served on the counsel for the Plaintiff, Courtney H.G. Herz, Esq., Sheehan Phinney Bass + Green, P.A., 1000 Elm Street, P.O. Box 3701, Manchester, New Hampshire 03105 (cherz@sheehan.com), by the ECF system.

Dated:  May 22, 2015			/s/ Daniel P. Schwarz
						Daniel P. Schwarz,   NHBA # 2282

4821-4385-4884, v.  1